# SUPREME COURT.

## ROBERT GAMBLE vs. WILLIAM C. BEATTIE.

Where an answer was verified in pursuance of § 133 of the original code, and served on the 11th day of April, 1849, the day of the passage of the amended code, *held*, that the answer was properly verified—the complaint having been verified in the same way.

*Held*, also, that the *amended* code should be construed to take effect *twenty days after its passage*. That the last section of the amended code should-be considered as a portion of the original code, and applicable to such portions of the amended code as existed prior to April 11, 1849. By considering the amended code as a *substitute* for the original, to take effect on the 1st of July, 1848, would be to give it a retrospective effect, contrary to the settled principles applicable to the construction of statutes.

*Dutchess Special Term, June,* 1849. The complaint was founded upon a promissory note and verified by the oath of the plaintiff's attorney to the effect that he believed it to be true, and it was served on the 24th March, 1849.

The answer denies the substance of the complaint and sets up payment; and is verified in the same manner by the attorney for the defendant. It was served on the 11th day of April, 1849, the day on which the amended code was passed.

On the 30th day of April, the plaintiff, disregarding the answer, perfected judgment for the amount claimed by him.

The defendant now moves to set aside this judgment.

E. H. BREWSTER, *for defendant.*

J. W. BROWN, *for plaintiff.*

BARCULO, Justice.—It is first necessary to determine whether the code abolished the 92d rule requiring a special verification to a plea in bar to a declaration upon a written instrument or record. That rule refers to *declarations* and *pleas* which the code has abolished. The latter had also adopted a new mode of verification applicable to all cases of complaints and answers, whether the action be founded upon a written instrument or not. I think, therefore, that the answer was sufficiently verified so far as the old code is concerned.

But is insisted that the amended code being passed on the same day, must be deemed to have been in force the whole of that day; and that therefore the new mode of verification prescribed by section 157 must govern.

It is very clear that this answer is not verified according to the section

last cited. But it is not by any means so clear that the defendant was bound to verify it in that manner. There is no provision in the amended code declaring that it shall take effect *immediately*. It follows, therefore, that it went into effect twenty days after its enactment, or on the first day of July, 1848.

This latter construction, I understand, was designed by one of the principal framers of the act; but it seems hardly consistent with the settled principles applicable to the construction of statutes. It seems to me that it will be more consistent with the general objects of the Legislature to consider the last section of the amended code as a portion of the old code, and applicable to such portions of the new code as existed prior to the 11th of April, 1849. To adopt the other view, and deem the amended code a substitute and put in the place of the former one, which is thereby obliterated, would be giving a retrospective effect to the law which must produce great confusion and work no little mischief. For notwithstanding the supposed intuition of modern law makers, it can hardly be conceived, I apprehend, that *suitors* can as yet foresee, and govern themselves by future acts of legislation. I am inclined, therefore, to construe the act as taking effect twenty days after its passage.

This conclusion is not, however, necessary to the decision of this case. For if the amended code is held to have effect from the first of July, 1848, it will not save the plaintiff's judgment. The amended code does not require the answer to be verified at all unless the complaint is duly verified. If, therefore, this act was in force in March, the complaint is not duly verified, and consequently the answer is good without any verification.

I shall therefore direct this judgment to be set aside and allow the plaintiff twenty days to reply to the answer. But as this is one of those mistakes naturally arising from an ill-digested and ever-varying code, he is not to be charged with costs of this motion.